are ready to proceed with the motion. Good morning, Your Honors. Mark Weinstein from Hughes, Hubbard & Reed on behalf of Defendant Appellant Juan Angel Naput. I guess I start by welcoming Judge Sullivan to his new judicial home. The government's use of the Honest Services Wire Fraud statute to criminalize conduct arising in a strictly foreign employment relationship is, as best we know, unprecedented and raises at least three substantial questions on appeal, which I'll describe in a moment. We're here on a bail motion. The court below clearly erred in remanding Mr. Naput after trial in light of the extraordinarily restrictive conditions placed on his bail and the significant amount of security posted. With respect to the three appellate questions arising from the use of the Honest Services Wire Fraud in this context, first, as this court recognized in United States v. Halloran, there is lingering ambiguity, as noted by Justice Scalia in his concurrence in Scalia, as to the legal source of the fiduciary duty under Section 1346. Now, the government argues, if I understand their argument, that this is a claim being raised for the first time on appeal. So two answers to that, Your Honor. First, even assuming it was, Mr. Naput meets the clear error, I'm sorry, the plain error standard. But in this case, throughout the course of the proceedings, pre-trial, during trial, and post-trial, there were lengthy discussions about the source and nature of the fiduciary duty in this case and foreign law, and whether or not the defendants understood that the conduct in these foreign countries, in the context of their foreign employment relationship, was illegal, and whether they acted in bad faith or good faith with respect to their conduct. I can point, Your Honors, to a number of places in the record where these come up. In Appendix 31, the Court itself says we are in very undefined post-skilling territory. At the government's Appendix 221 to 231, there's lengthy discussion in the context of proposed jury instructions as to what the source of the fiduciary duty is, whether it's clear how to instruct the jury on it, and in which the Court says there are cases suggesting it's defined by federal or state law or others. And the Court doesn't think that the law is as clear as it can be on this issue. During the course of that colloquy, the government concedes that fiduciary duty is a legal concept. And at Appendix 145, 146, footnotes 6 and 7, although admittedly in a post-trial brief, the defendant cites both Justice Scalia's concurrence in skilling and this Court's decision in Halloran. The issue that's raised by Justice Scalia and in Halloran is that it is undefined what the source of the fiduciary duty is under Section 1346. This Court recognized it continues to remain a lingering ambiguity. In those cases and in other cases, it was of no moment, it wasn't unconstitutionally vague as applied in those cases, because it was undisputed that in the context of a U.S.-based employment relationship, it doesn't matter whether you look to federal law or state law. They're indistinguishable, and it's a recognized concept that there is a legal source for the fiduciary duty, regardless of which one you choose. In this context, where you have a strictly foreign-based employment relationship, whether U.S. federal law or state law cannot be the source of the fiduciary duty. It must be the local law where the person was employed and where the foreign employer is based. In our case, that would be Paraguay. There is nothing in the record. You portrayed this as a purely foreign matter in all respects. The bribes taken, whether they were legal or not legal under Paraguayan law and so on, and the relationships that were the focus of the prosecution as having no nexus with the United States. The government responded that your client and the co-conspirators maintained bank accounts in the United States to pay and receive bribes in connection with the schemes, and used the financial system to further the charged conspiracies, focused also on sale of broadcasting and other commercial rights in the United States. Can you comment on why that isn't a persuasive argument? Well, yes. So I think the issue the government raises there is in the context of the extraterritoriality argument, and so I'll address that and then come back to why that doesn't impact the void for vagueness argument. With respect to the record that the government cites as being proven, the issue there is what is, for extraterritoriality purposes, and I see my time is up, if I may just finish my answer, Your Honors. The issue after RJR Nabisco is what is the focus of the specific statute at issue? We propose, or we suggest, that in U.S. v. Gasparini, the Court got what the test should be, which is the focus of the wire fraud statute is clearly to regulate fraud, not the use of the wires themselves. And in that case, the test they said was, you look to the territorial events or relationships implicated by the focus of the statute. This is an honest services wire fraud statute. The relevant relationships and events are where does the fiduciary duty arise? Here it's clearly overseas by a foreign employee of a foreign employer. Where did that employee breach his fiduciary duty? By entering into an agreement to take a bribe in exchange for an official act. That also is clearly, that relationship and those, the key events implicating the statute, the fraud, is overseas. Can you take one moment and address the flight risk prong of our analysis? Sure. In the abstract, it's hard to dispute that in any case, the farther you go along in a criminal proceeding, to conviction, to sentencing, flight risk may be enhanced. But that's a necessarily faulty assumption in the overwhelming majority of cases because, in fact, most defendants won't flee in those circumstances. The issue here is, unlike most cases, as the government concedes, there were extraordinarily restrictive conditions placed on Mr. Naput's release, which were not only entirely effective for two years, there's no reason to believe they wouldn't remain effective. But there are changed circumstances, right? That's what Judge Chen talked about. And wouldn't she be in a better position than we are to determine whether or not those changed circumstances alter the mix of facts that would determine whether he's a flight risk? No, Your Honor, because the only changed circumstance relied upon by the court below is the fact that Mr. Naput was convicted. So that issue, Your Honors, are no less qualified to address than the court below. There were no changed circumstances other than the conviction itself as to the person involved, Mr. Naput, or the effectiveness of the conditions that were in place. But she sat through a trial with him. She's seen him in court. She knows presumably more about him, at least based on that, than we do, right? Hard to dispute that's true, and that's what the case law says. But that is not what she based her decision to change, having bail, to remand. She based it on the fact that he has now been convicted, admittedly faces a lengthy sentence. But the conditions haven't changed where he's got on- And that's what the statute reflects. Also, there's a presumption of detention after conviction. There is no doubt a presumption of detention. The issue here is, unlike almost any case that comes before you for bail, the conditions placed on Mr. Naput were an on-site security guard outside his door, meaning he could not leave. And when he could leave, as approved by the court, he had to be escorted by those security guards. Video surveillance 24-7 of the entrances of his apartment, so that even if somehow he escaped the guard, it would be seen by the security company on video. Voice ID, and at times he had GPS monitoring. And in addition, he's got $16 million of money or assets posted for bail. So there remains a significant incentive not to flee. And there's just nothing in the record that suggests whether he's convicted or before he was convicted, that those restrictions can possibly allow  Good morning, Your Honors. May it please the Court, Sam Mitz, Assistant United States Attorney, and I was on the trial team below. The District Court's denial of bail pending appeal was correct under both criteria under Section 3143. And if I could, I'd like to focus for a moment on the question Your Honors asked towards the end of Mr. Weinstein's appearance before you with respect to risk of flight. The defendant's arguments are framed as though we are still in a pretrial context, that there is the same risk of flight and the same burden. That is, that it is the government's and the court's burden to establish a risk of flight. And in fact, that's not where we are. As you mentioned, Judge Sullivan, we are post-conviction, post-sentence. The burden was on the defendant below to establish by clear and convincing evidence that he was not a flight risk. Now with respect to the conditions that were in place pretrial under the bail statute, those were, they were restrictive conditions, but the least restrictive conditions that would assure his appearance. So given the risk of flight pretrial, which the court found, these were the conditions that would assure his shifting, the risk of flight increases. There is additional risk of flight. And so to argue that, well, the conditions that were sufficient before must be sufficient now, doesn't address the increased risk of flight that is present when a defendant faces a significant term of incarceration. I would also note that the law in this circuit and in other courts is clear. The court is not required to recreate, in effect, a prison outside of a prison in the defendant's home to permit a defendant to be out on bail. And so while it is true that there were security services and 24-7 monitoring, there are risks inherent in those arrangements. There, to paraphrase, I believe it's United States v. Millen from this circuit, a 1993 case, they at best elaborately replicate a detention facility without the confidence of the security that you have in a detention facility. I would also note that, one, there was some evidence of the type of risk that is present when you're relying on security services and the like in the record here, and it's at Government Appendix 286. And in this case there, the government discovered that the point of contact with the private security firm, the person who was, in theory, a neutral representative of a firm meant to monitor the defendant's whereabouts, had been hired by the defendant to be on a part of the defense team and, in fact, had signed the protective order governing sensitive discovery in the case such that that person could review discovery produced to the defendant. I don't want to overstate the significance of the point, but there is a conflict inherent where you have a security firm supposed to monitor the whereabouts of the defendant also working on the defense team. But the point is the district court was not required, under a burden with an increased risk of flight, which the district court found, based on the sentence, to say the conditions that were present before are good enough now. There's no, there's really nothing been offered as a basis for finding that holding clearly erroneous. So just on the first prong of the analysis alone, the, the bail application should, the appeal should fail. If I might just turn briefly to the due process argument also. The due process argument, first of all, was forfeited below. It was not, it was not raised below. And so plain error review will be the standard of review on the merits. Counsel for appellant references discussions about foreign law. It's true there were some discussions about foreign law. References the fact that in fashioning a jury instruction as to what the fiduciary duty, what the jury had to find with respect to the fiduciary duty, that there was some case law on this subject. But there was no argument ever that there was deficient notice as a matter of constitutional due process in this case. It was never resolved or addressed by the district court. And to say that a reference to foreign law captures that misses the point of plain error review, which is that the court below deserves the help of the parties before it to raise issues that need to be addressed so that the district court has an opportunity to do so. Could you address the second argument that the defendant was prevented at trial from addressing foreign law, putting in evidence of foreign law to his prejudice? Yes. So that argument, the defendant proffered certain evidence as to foreign law and wanted to offer that evidence. It's important to focus on the purpose for which the evidence was offered and how the court handled it. It was offered to support an argument that if we could show that the defendant believed that commercial bribery was not criminalized in his home country, we might also then urge an inference that the defendant didn't understand in the context of his duties to his employer that it was not okay to accept bribes. And the court was skeptical as to the relevance but undertook a conscientious balancing under 403. And the standard here is that her ruling has to be arbitrary or irrational to throw it out. And the substance of her ruling was based on the evidence proffered so far, which is you would like to cross-examine an Argentine bookkeeper who never had much contact with the defendant and a Brazilian witness as to their understanding of the law in Brazil and Argentina. You would like to ask those questions and then be able to say because an Argentine bookkeeper believed his conduct was not criminal in Argentina, it stands to reason my client thought his conduct was not criminal in Paraguay and therefore further my client would have misunderstood the thrust of the duties he was under that he himself approved. And the court said while that is barely relevant, such relevance as it has is outweighed by the risk of unfair prejudice. And it's important to emphasize the court did not say you may only establish this through your testimony. Rather it asked, the court in 206 and 207, the court says I just want to make sure I'm understanding you correctly. You are asking to cross-examine an Argentine and Brazilian witness as to their understanding, the defense said, nobody offered anything else. And she said that the probative value such as it is of that proffer of evidence is insufficient to outweigh the prejudice that would come from A, the opening of the door to the government introducing additional types of evidence not both as to the criminality in the domestic country but also as to knowledge that this was a sin or morally reprehensible conduct. Newspaper articles, FIFA proclamations, scandals that have to do with corruption in sport to show that whatever their view of the criminal law might have been, they surely understood that this conduct was wrong. And then there was another element of the 4-3 analysis which was the risk of jury nullification. And there even defense counsel representing Neput was unable in articulating the basis for putting in this evidence before the court, kept wandering into an argument that basically said if it's not a crime in Paraguay, the defendant could not have violated conspiracy law in the U.S. And the court did a proper balancing and rejected the argument. Thank you. Thank you. Thank you both.